## Spangler *versus* Sheffer *et al.*

1. Foust's goods being levied on under a fi. fa., Spangler bought the judgment and execution, Foust giving his note payable on the return day of the execution, with Sheffer as his surety, as collateral security for the judgment. *Held*, that this did not raise the presumption of an engagement for a stay of execution, till the maturity of the note.

2. By Spangler's conduct the levy was lost. *Held*, that he could not recover from Sheffer on the note.

May 25th 1871.  Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *York county*: No. 87, to May Term 1871.

This was an action of assumpsit brought May 4th 1869, by Jacob Spangler against Joshua E. Foust and Emanuel Sheffer on this promissory note:—

"$800.                   Glen Rock, January 26th, 1869.

Three months after date we promise to pay to the order of Jacob Spangler, Esquire (cooper), eight hundred dollars, value received.

JOSHUA E. FOUST,
E. SHEFFER."

The note was given under these circumstances.  On the 15th of January 1869, judgments amounting in all to about $2400 were recovered by plaintiffs named Bender against Foust; three writs of fi. fa. were on the same day issued on these judgments, and on the 16th personal property of the value of $3000 belonging to Foust levied on.   On the same day judgment was entered in favor of Hyatt & Clark against Foust, for $890, an execution issued on the 18th to April term 1869, and on that day a levy made on Foust's personal property subject to the Bender levies.  Foust desired Spangler to buy this judgment; he consented to do so if he was made safe; and the note in suit, which would fall due on the return day of the Hyatt & Clark's fi. fa,—Sheffer being the surety for Foust,—was made and delivered to Spangler as collateral security for the Hyatt & Clark judgment; and on the 27th of January that judgment and the execution were marked to the use of Spangler. On the 28th of January the Bender executions were stayed.   To the Hyatt & Clark writ the sheriff returned:—

" January 30th 1869.   Jacob Spangler, * * * informed the

[Spangler *v.* Sheffer.] ,

sheriff that he had fixed his matters now, and considered himself safe, and the sheriff should do nothing in it; * * * and nothing further was done on this writ."

In March a considerable quantity of Foust's property, which had been levied on, was delivered to other creditors, without execution in payment of their claims. In the same month an execution was issued on a judgment of Jacob Grove against Foust, and the remainder of the personal property, which had been under levy on the Hyatt & Clark execution sold, and the proceeds were paid into court and afterwards awarded to Grove's execution.

There was some evidence tending to show that the understanding between Sheffer and Spangler, at the execution of the note, was, that the execution upon the Hyatt & Clark judgment should not be pressed, but that it should be stayed until the note fell due. There was evidence also for the purpose of contradicting the sheriff's return that Spangler had directed a stay on the Hyatt & Clark execution.

The defendant gave in evidence also an *ex parte* affidavit made by Spangler in relation to the Hyatt & Clark execution, before this suit, and filed with that execution, in which he denied the truth of the sheriff's return, but made no averment of an understanding with Sheffer for a stay.

There was a large amount of evidence bearing upon the questions raised in the case; the foregoing will sufficiently present the questions.

The points of the parties with their answers are as follows:—

Plaintiff's: 1. "If the note in suit was given by the defendants to the plaintiff and accepted by him as collateral security for the Hyatt & Clark judgment, and an execution and levy were pending thereon at the time, the presumption is that it was an engagement for a stay of execution till the time of payment of the note."

Answer: "We cannot answer this point in the affirmative. It may be a circumstance amongst others tending to prove that there was an engagement for a stay of execution, but it does not constitute an absolute presumption of that fact. That there was such an engagement must be proved by evidence positive or circumstantial, but in either case it must be strong enough to enable the jury to say that such an engagement was made. Mere expectation and belief will not be sufficient."

2. "If the defendant, Sheffer, became surety for the defendant, Foust, in the note in suit, and said note was taken by the plaintiff as collateral security on the Hyatt & Clark judgment, Sheffer was a mere volunteer, and stands in the place of a surety not entitled to indemnity, and his liability is absolute, notwithstanding the security arising by means of the levy made on said judgment may have been lost."

Answer: "We cannot answer this point in the affirmative."

[Spangler *v.* Sheffer.]

3. "If there was a levy made on the execution issued on the Hyatt & Clark judgment, of sufficient property of the defendant to satisfy the judgment, and the plaintiff as holder of said judgment had thus the means of satisfaction in his hands, and the defendant, Sheffer, interposed in behalf of the defendant, Foust, and gave the note in suit as collateral security, any release of the property levied was occasioned by the defendant, Sheffer's, own act, which was to the detriment and not to the benefit of the plaintiff, and Sheffer cannot now set up the plaintiff's failure to collect the money on Hyatt & Clark's execution against the right of the plaintiff to recover in this suit."

Answer: "We cannot answer this point in the affirmative, unless there was an agreement on the part of Sheffer that the giving of the note was to have the effect of a stay of execution, or, in other words, that it was given as the consideration of a stay of execution."

4. "It was the duty of the defendant, Sheffer, under the circumstances of this case, if he desired to be relieved from his collateral ˋundertaking, to notify Spangler as holder of the Hyatt & Clark judgment, not to relinquish the lien of the levy on the defendant's property, but to push the same and collect the money."

Answer: "We cannot answer this point in the affirmative."

Defendant's: 1. "If the jury believe that Emanuel Sheffer is the surety in the note in suit, and that it was given as collateral or additional security for the judgment and execution in favor of Hyatt & Clark against Foust to Jacob Spangler, at the time of his taking an assignment thereof, and that said execution was levied upon the personal property of the defendant therein, sufficient to satisfy the same, such levy is a satisfaction of the said judgment and execution as respects Emanuel Sheffer, and the plaintiff cannot recover in this suit."

4. "The return of the sheriff upon the execution is conclusive against Spangler, that the writ was stayed, and this cannot be controverted."

Both these points were affirmed.

In the general charge, the court (Fisher, P. J.), said:

* * * "A fourth question is, did Sheffer agree, that in consideration of Spangler's staying the execution, the note in. suit should be given, or that the consideration of the note was that the execution should be stayed. In deciding this case, the jury will take into consideration all the evidence, and all the facts and circumstances of the case. I say the facts, for the jury cannot presume an agreement or contract to stay the execution from the mere expression by Sheffer of a desire, or a hope, or an expectation that Spangler would stay the execution, if he gave the note as a surety and as collateral security."

The jury having been out some time, came into court and said

19 P. F. SMITH—17

they had not agreed upon a verdict. The court said to the jury that " the court thought that this case was one about which they ought to have no difficulty. It was the duty of Mr. Spangler to satisfy the jury that the contract or agreement to stay the execution was made. Sheffer and Foust swore positively that no such agreement was made, and the affidavit of Spangler does not state that there was such an agreement. There are circumstances in the case that may tend to another conclusion which we do not think proper to take from the jury."

The verdict was for the defendants.

The plaintiff took out a writ of error and assigned for error the answers to the points, and the foregoing portions of the charge.

*H. L. Fisher* and *J. Gibson*, for plaintiff in error.—The act of Sheffer, in giving the note contemporaneously with the assignment of the judgment to the plaintiff, amounted not only to a presumption, but to a suspension of the remedy against the debtor : Okie *v.* Spencer, 2 Wharton 253 ; Shaw *v.* The First Associate Reformed Presbyterian Church, 3 Wright 226 ; Pott *v.* Nathans, 1 W. & S. 155 ; Schnitzel's Appeal, 13 Wright 23 ; Bank of Penna. *v.* Potius, 10 Watts 148. Sheffer's collateral undertaking was that of a volunteer, and is similar to bail for stay of execution : Armstrong's Appeal, 5 W. & S. 352 ; Hoover *v.* Epler, 2 P. F. Smith 522 ; Wallace's Estate, 9 Id. 406 ; Lewis *v.* The Bank of Penn Township, 3 Wharton 531 ; Dyott's Estate, 2 W. & S. 463 ; Lishy *v.* O'Brien, 4 Watts 141 ; Miller *v.* Howry, 3 Penna. R. 374 ; Lord *v.* The Ocean Bank, 8 Harris 384. Sheffer ought to have notified Mr. Spangler, not to relinquish the lien of the levy, but to push the same and collect the money : Commonwealth *v.* Miller, 8 S. & R. 452 ; Cathcart's Appeal, 1 Harris 416 ; Schuylkill Bank *v.* Macalester, 6 W. & S. 147 ; Neff's Appeal, 9 W. & S. 36. A sheriff's return is only primâ facie evidence of facts incidentally in question in a contest with a third party : Lowry *v.* Coulter, 9 Barr 349 ; Gyfford *v.* Woodgate, 11 East 148 ; Paxson's Appeal, 13 Wright 195 ; Watson on Sheriffs 72 ; Sewell, Id. 387 ; Keyser's Appeal, 1 Harris 409.

*V. K. Keasey* and *J. L. Mayer*, for defendants in error.— Where there is a levy on personal property of the principal, it is a satisfaction pro tanto, as regards the surety, of which nothing can deprive him, except his assent to the arrangement by which the property is released : Cathcart's Appeal, 1 Harris 416–420. They also cited as to the plaintiff's first point : Weakly *v.* Bell & Sterling, 9 Watts 273 ; Bank of Penna. *v.* Potius, 10 Watts 148 ; Shaw *v.* The First Associate Reformed Presbyterian Church, 3 Wright 226.

[Spangler *v.* Sheffer.]

The opinion of the court was delivered, October 9th 1871, by

READ, J.—Bender and Bender & Co., on judgments held by them against Joseph E. Foust, issued three executions on the 15th January 1869, amounting to about $2400, which were levied the next day, on the personal property of the defendant, valued at about $3000. On the 16th January, a judgment was entered in favor of Hyatt & Clark for $890, and on the 18th a fi. fa. was issued and levied on the same property, subject to the three prior executions, 9, 10 and 11, April Term 1869, being the Bender executions. On the 27th January, Hyatt & Clark's judgment and execution were marked for the use of Jacob Spangler. On the 28th January Benders' writs of fi. fa. Nos. 9, 10 and 11, were stayed, and costs paid and satisfaction subsequently entered on the judgments. On the 30th January, Jacob Spangler released the still-house property from the lien of the judgment assigned to him.

Jacob Spangler, therefore, had under his execution property of Foust sufficient to pay his debt twice over. Spangler had conceived the idea of purchasing the judgment and execution of Hyatt & Clark, and paying them in barrels, but was anxious to be made safe, as the personal property might not reach, and Foust then gave his note to Spangler, with E. Sheffer as surety, for the sum of $800, payable at three months, which was the return-day of the writs of execution, as collateral security. The note is dated 26th January, and the assignment by Hyatt & Clark was made the next day.

By Spangler's conduct, the levy under Hyatt & Clark's execution was lost, and he then brought this suit on Foust and Sheffer's note for $800, alleging that it was an engagement for a stay of execution till the time of the payment of the note. The question whether there was any such arrangement for a stay of execution was distinctly submitted to the jury, by the court below, and was found against the plaintiff, who is concluded by it, unless there was some mistake in law made by the learned judge.

The 1st point presented to the court by the plaintiff's counsel really covers his whole case.

"1st. If the note in suit was given by the defendants to the plaintiff, and accepted by him as collateral security for the Hyatt & Clark judgment, and an execution and levy were pending thereon at the time, the presumption is that it was an engagement for a stay of execution till the time of payment of the note."

The court said, "We cannot answer this point in the affirmative. It may be a circumstance amongst others tending to prove that there was an engagement for stay of execution, but it does not constitute an absolute presumption of that fact. That there was such an engagement must be proved by evidence positive or circumstantial, but in either case it must be strong enough to

enable the jury to say that such an e nent was made—mere expectation and belief will not be t." There is clearly no error in this, nor do we perceiv in the other rulings of the court.

Judgment affirmed.